**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CHRISTOPHER COOLEY,

    Plaintiff,

v.

CLIFFORD G. LISMAN,

    Defendant.

Civil Action No. 16-4499 (MAS) (ZNQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Christopher Cooley's ("Plaintiff") Appeal of Magistrate Judge Lois H. Goodman's[1] February 28, 2019 Order ("Feb. 28 Order") (ECF No. 83). Non-party Amish Patel opposed (ECF No. 90). Defendant Clifford G. Lisman ("Defendant") did not file an opposition brief. Instead, Defendant filed correspondence in support of Amish Patel's opposition. (ECF No. 91.) Plaintiff replied to both filings. (ECF Nos. 93, 95.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms Judge Goodman's February 28, 2019 decision. (ECF No. 82.)

---

[1] On June 17, 2019, this matter was reassigned to the Honorable Zahid N. Quraishi, U.S.M.J.

## I. BACKGROUND[2]

This dispute arises out of a stock purchase agreement (the "WEBCO Agreement") executed by Plaintiff and Defendant on August 1, 2013. (Am. Compl. ¶ 12, ECF No. 88.)[3] By the terms of the WEBCO Agreement, Defendant agreed to sell ninety percent of "all issued and outstanding capital stock" of WEBCO—a distributor of medical and dental supplies—to Plaintiff in exchange for $995,000. (*Id.* ¶¶ 10, 12-13.) The sale was entirely financed by Defendant and was structured in the form of two loans to Plaintiff, each with different repayment provisions. (*Id.* ¶¶ 14-15, 17-18.) Ninety percent of WEBCO's revenue was derived from a business relationship with Dental Health Associates, P.A. ("DHA"). (*Id.* ¶ 19.)

Defendant owned a controlling interest in and was the President of DHA at all relevant times up until the execution of the WEBCO Agreement and for a period thereafter. (*Id.* ¶ 20.) Given the critical importance of this business relationship, the parties included a provision in the WEBCO Agreement whereby Plaintiff's loan obligations would be reduced if purchase orders from DHA dropped below a defined threshold (the "Minimum Purchase Requirement"). (*Id.* ¶¶ 21-22.) In or about December 2015 or January 2016, Defendant sold DHA (the "DHA

---

[2] This matter's underlying facts and procedural history are well known to the parties, and, therefore, the Court only recites those facts required to resolve the instant dispute and provide relevant context where necessary.

[3] For the purpose of reciting the factual background, the Court will reference the Amended Complaint. On August 30, 2016, Judge Goodman issued a Letter Order granting Plaintiff leave to file an amended complaint. (ECF No. 15.) Plaintiff, however, never filed the Amended Complaint on the ECF system. In her February 28 Order, Judge Goodman granted leave for Plaintiff to file an amended complaint *nunc pro tunc* so that it could serve as the operative pleading. (Feb. 28 Order 8, n.5.) Plaintiff docketed the Amended Complaint on March 11, 2019.

Agreement") to a third party ostensibly controlled by Dr. P.G. Patel ("P.G. Patel").[4] (*Id.* ¶ 36.) After the sale, DHA declined to place any additional orders with WEBCO, effectively reducing its annual purchase level to zero dollars. (*Id.* ¶ 38.)

On February 9, 2016, Plaintiff filed a complaint alleging both contract and non-contract counts against Defendant. On August 30, 2016, Defendant filed an Answer and Counterclaim, advancing eight counts against Plaintiff stemming from the WEBCO Agreement and the subsequent operation of WEBCO. (*See generally* Answer and Countercl., ECF No. 16.)

The parties engaged in discovery and unsuccessful settlement negotiations for the next two years. On July 13, 2018, Plaintiff moved to join non-party Amish Patel as a co-defendant pursuant to Federal Rules of Civil Procedure 19 and 20. (*See generally* Mot. for Joinder, ECF No. 72.)[5] Plaintiff argued that, as the buyer of DHA, Amish Patel was contractually bound by the terms of the WEBCO Agreement, specifically the Minimum Purchase Requirement. By inducing DHA to fail to meet the Minimum Purchase Requirement, Amish Patel had breached a contractual duty he owed to Plaintiff and therefore was an indispensable party under Rule 19. (*See* Pl.'s Br. in Support of Mot. for Joinder 8-9, ECF No. 72-1.) In the alternative, Plaintiff argued that the Court should exercise its discretion and join Amish Patel under Rule 20. (*See id.* at 9-10.)

On August 20, 2018, Amish Patel filed a Motion to Intervene for the limited purpose of opposing Plaintiff's Motion for Joinder. (Mot. to Intervene, ECF No. 76.) Defendant filed correspondence supporting Amish Patel's opposition (ECF No. 81) but did not file a separate

---

[4] Plaintiff initially believed that P.G. Patel was the party with whom Defendant executed the DHA Agreement. (Pl.'s Moving Br. 13). Upon subsequently obtaining the DHA Agreement, Plaintiff learned that Amish Patel, P.G. Patel's son, was the party in control of DHA. (*Id.*) Plaintiff's Motion for Joinder was the first mention of Amish Patel as a party potentially relevant to the instant dispute. (*See generally* Pl.'s Motion for Joinder.)

[5] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

3

opposition brief. Plaintiff opposed on August 31. (ECF No. 78.) On February 28, 2019, Judge Goodman granted Amish Patel's Motion to Intervene and denied Plaintiff's Motion for Joinder. (ECF No. 82.) As to mandatory joinder under Rule 19, Judge Goodman noted that because the motion at issue was a motion to join and not a motion to amend, the Court was precluded from considering "allegations or claims raised for the first time in the [P]roposed Second Amended Complaint."[6] (Id. at 7.) When conducting her analysis under Rule 20, however, Judge Goodman indicated that she found no authority that limited a court's inquiry under that Rule to the operative pleading. (Id. at 10 n.7.) Judge Goodman, therefore, considered the Proposed Second Amended Complaint submitted by Plaintiff when reaching her decisions under Rule 20. (Id.) On March 10, 2019, Plaintiff filed the instant appeal. (ECF No. 83.)

## II. **LEGAL STANDARD**

When a magistrate judge rules on a non-dispositive matter, that order is "entitled to great deference and is reversible only for abuse of discretion." *Frank v. Cty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (stating a magistrate judge is "accorded wide discretion in addressing non-dispositive motions"). An abuse of discretion occurs when a "judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no

---

[6] *See Register v. Cameron & Barkley Co.*, 467 F. Supp. 2d 537, 542 (D.S.C. 2006) ("[A] court must not reach its conclusion regarding necessity by considering claims that a party has proposed but not yet pled."); (*see generally* Proposed Second Am. Compl., ECF No. 73-2). The Proposed Second Amended Complaint ("PSAC") was filed by Plaintiff on July 20, 2018, after Plaintiff filed his Motion for Joinder. In the PSAC, Plaintiff alleges eight counts, seven of which are alleged against Defendant and Amish Patel jointly. (*Id.*) The seven joint counts are for: (1) declaratory relief, (2) breach of contract, (3) breach of the implied duty of good faith and fair dealing, (4) promissory estoppel, (5) fraud, (6) negligent misrepresentation in the alternative, and (7) equitable estoppel. (*Id.*). Count Eight, a claim of unjust enrichment, is alleged solely against Defendant. (*Id.*)

reasonable [person] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *10 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976). Accordingly, a district court will only reverse, modify, or vacate a magistrate judge's order if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Loc. Civ. R. 72.1; *Marks*, 347 F. Supp. 2d at 149; 28 U.S.C. § 636(b)(1).

"A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A finding is not clearly erroneous merely because the reviewing district court would have decided the case differently. *Marks*, 347 F. Supp. 2d at 149; *see also Toth v. Alice Pearl, Inc.*, 158 F.R.D. at 47, 50 (D.N.J. 1994). A decision is contrary to law only where the district court finds that the magistrate judge "misinterpreted or misapplied the law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The moving party bears the burden of demonstrating that the magistrate judge's decision was either clearly erroneous or contrary to law. *Marks*, 347 F. Supp. 2d at 149.

## III. <u>DISCUSSION</u>

Plaintiff does not appeal Judge Goodman's Order in its entirety but rather articulates three "objections" to various portions of the Order. Plaintiff argues that (1) the decision that the Contract Counts[7] were futile under Rules 19 and 20 was clearly erroneous, (2) the decision that the promissory estoppel claim was futile under Rule 20 was clearly erroneous, and (3) the findings

---

[7] Judge Goodman defined the first three counts of the Proposed Second Amended Complaint as the Contract Counts. The three causes of action were (1) declaratory relief, (2) breach of contract, and (3) breach of the implied covenant of good faith and fair dealing. (Feb. 28 Order 11.)

5

that Plaintiff failed to act promptly in seeking joinder of Amish Patel and that an order of joinder under Rule 20 would unduly prejudice the parties was clearly erroneous. Here, the Court first considers Plaintiff's Rule 19 argument and then considers each of Plaintiff's Rule 20 arguments.

### A. Mandatory Joinder Under Rule 19

Plaintiff first moved for mandatory joinder of Amish Patel pursuant to Rule 19. (Pl.'s Br. in Support of Mot. for Joinder.) Plaintiff contends that Rule 19 requires Amish Patel to be joined because he is a necessary party to the dispute and complete relief cannot be afforded in his absence. (*Id.*)

The Court finds that the Magistrate Judge did not abuse her discretion in denying Plaintiff's Motion for Joinder under Rule 19. Rule 19 reads, in relevant part,

> (a) Persons Required to Be Joined if Feasible.
> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties . . . .

Fed. R. Civ. P. 19(a). Here, Amish Patel is not a necessary party because a court can accord complete relief in his absence. Judge Goodman noted that Plaintiff sought monetary relief and that Plaintiff did not suggest that Defendant would be unable to satisfy a money judgment that might ultimately be entered in Plaintiff's favor. (Feb. 28 Order 8.) Because Plaintiff was not seeking specific performance, there was no reason to conclude that the court would be unable to "accord complete relief among existing parties." The Court, accordingly, finds that the Magistrate Judge did not abuse her discretion in denying Plaintiff's Motion on those grounds.

### B. First Rule 20 Objection: Contract Counts Are Not Futile

In his first objection, regarding the denial of permissive joinder, Plaintiff contends that Judge Goodman erred when she found the Contract Counts were futile. (Pl.'s Moving Br. 2.)

6

Plaintiff argues that although Amish Patel was not an original party to the WEBCO Agreement, he became bound by the terms of that agreement, including the Minimum Purchase Requirement, when the DHA Agreement was executed. (*Id.* at 3.) Plaintiff argues, therefore, that the Contract Counts against Amish Patel are not futile. (*See id.*)

The Court finds that the Magistrate Judge did not abuse her discretion in finding that the Contract Claims were futile. Plaintiff's assertion that Amish Patel became liable for Defendant's commitments via the DHA Agreement was not supported with citation to any legal authority. (Feb. 28 Order 11.) Here, Plaintiff avers that simply by purchasing DHA, Amish Patel assumed Defendant's contractual duties under the WEBCO Agreement. (Pl.'s Moving Br. 8.) Any claim Plaintiff could advance against Amish Patel would be predicated on a breach of contract theory, but Plaintiff failed to allege that he and Amish Patel were parties to a valid, enforceable contract. (Feb. 28 Order 12.) Additionally, Plaintiff did not contend that he was a third-party beneficiary under the DHA Agreement. (*Id.* at 12 n.9.) Plaintiff, therefore, has no basis for recovery under contract law. The Court, accordingly, finds that the Magistrate Judge did not abuse her discretion in denying Plaintiff's Motion on those grounds.

### C. Second Rule 20 Objection: Promissory Estoppel Count Is Not Futile

Next, Plaintiff asserts that Judge Goodman's finding that the promissory estoppel count was futile was clearly erroneous and contrary to law.[8] (Pl.'s Moving Br. 10.) Plaintiff argues that the factual allegations for this count included in the Proposed Second Amended Complaint meet the relevant pleading requirements. (*Id.*) Plaintiff contends that the Minimum Purchase Requirement was a personal obligation of Defendant and that this personal obligation transferred

---

[8] Many of the legal theories advanced by Plaintiff in this "second objection" are identical to those articulated in the "first objection."

to Amish Patel via the DHA Agreement. (*Id.* at 11.) Plaintiff further contests the Magistrate Judge's ruling that he was not a third-party beneficiary under the DHA Agreement. (*Id.*). Plaintiff cites no factual basis for this claim and instead cites to case law relating to the delegation of contractual duties. (*Id.*)

The Court finds that Judge Goodman did not abuse her discretion by finding the proposed promissory estoppel count futile. The decision noted at the outset that it was "difficult to make sense of the proposed promissory estoppel count," given that neither party claimed that Amish Patel was a party to the WEBCO Agreement. (Feb. 28 Order 13.) Although Plaintiff avers that he pleaded enough facts to state a claim, the court noted that as to the first seven counts of the Proposed Second Amended Complaint, Plaintiff simply referred to Defendant and Amish Patel collectively and made no specific allegations regarding Amish Patel's conduct. (*Id.*) Similarly, Plaintiff's contention that he was a third-party beneficiary of the DHA Agreement was offered without factual support. (*Id.*) The Magistrate Judge found that there was no basis to conclude that Amish Patel had made any representations to Plaintiff, let alone a basis upon which to conclude Plaintiff relied on them to his detriment. (*Id.*) The Court, accordingly, finds that the Magistrate Judge did not abuse her discretion in denying Plaintiff's Motion on those grounds.

### D. Third Rule 20 Objection: Joinder Would Not Unduly Prejudice the Parties

Finally, Plaintiff argues that Judge Goodman's findings that Plaintiff did not act promptly in seeking joinder of Amish Patel and that an order of joinder under Rule 20 would unduly prejudice the parties were clearly erroneous. Plaintiff contends that the decision on this issue rests only on a portion of the case's chronology and "fails to identify the delays and overt misdirection by the very parties for whom the Magistrate finds prejudice." (Pl.'s Moving Br. 13.) Much of Plaintiff's argument concerns disputes between the parties during discovery and the apparent

8

confusion regarding the identity of the individual who was actually operating DHA post-sale. (*Id.*) Plaintiff notes that in his first set of document requests, he sought "[a]ll documents that refer or relate to . . . Defendant's sale of [DHA] to any third party, including without limitation Dr. P.G. Patel." (*Id.*) Defendant's response to this request referenced a "Dr. P.G. Patel" but made no mention of Amish Patel. (*Id.* at 13-14.) Plaintiff argues that because of Defendant's insufficient response and the recent production of the full DHA Agreement, he was not on notice of Amish Patel's importance to the dispute, and therefore a finding that he did not act promptly would be clearly erroneous. (*See id.*)

The Court finds that the Magistrate Judge did not err in her finding that Plaintiff was dilatory in his attempt to join Amish Patel. Consistent throughout Plaintiff's numerous filings is the assertion that the new owner of DHA assumed Defendant's responsibilities under the WEBCO Agreement and therefore was liable to Plaintiff. However, Plaintiff never sought to join P.G. Patel, the individual he incorrectly believed to be in control of DHA, to the litigation. He similarly never sought to amend his complaint and add P.G. Patel as a co-defendant.

Plaintiff also argues that Defendant's failure to timely produce the DHA Agreement should preclude a finding of undue delay. (*Id.* at 13-14.) But this does not support a finding that the Magistrate Judge abused her discretion. Judge Goodman noted that discovery in this matter was scheduled to conclude on September 1, 2017. (Feb. 28 Order 19; Pretrial Scheduling Order, ECF No. 29.) But it wasn't until June 1, 2018, that Plaintiff sought the Court's assistance to obtain a copy of the DHA Agreement. (Feb. 28 Order 20; *see* June 1, 2018 Letter, ECF No. 71.)

On this factual background, Judge Goodman noted that she was "hard pressed to understand why Plaintiff, knowing what he alleged in the original and First Amended Complaints, could not have made the allegations he now makes against Patel sooner, or without the portions of

9

the DHA [A]greement he now has." (Feb. 28 Order 20.) Given the passage of time, the Magistrate Judge found that "Plaintiff unduly delayed his attempt to join Patel." (*Id.*) Turning to the issue of prejudice to Defendant and Amish Patel, the Magistrate Judge pointed out that written discovery was effectively complete and that the depositions had been conducted. (*Id.*) Judge Goodman, consequently, found that the parties would be prejudiced because discovery would have to be re-opened, new cross-claims might need to be filed, new written requests would have to be submitted, and additional depositions would have to occur. (*Id.* at 20-21.) There is sufficient evidence to support the Magistrate Judge's decision. The Court, accordingly, finds that the Magistrate Judge did not abuse her discretion in denying Plaintiff's Motion on those grounds.

## IV.  CONCLUSION

Plaintiff failed to demonstrate that Judge Goodman abused her discretion by denying Plaintiff's Motion for Joinder of non-party Amish Patel and granting Amish Patel's Motion to Intervene. The Court affirms Judge Goodman's February 28 Order. This ruling renders Plaintiff's Motion to Stay (ECF No. 84) moot. The Court shall issue an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated:  October 29, 2019